# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JOSEPH CARTHRON                                                    PETITIONER


v.                          NO. 4:07CV01223 JLH/HDY


ROY BROWNLEE, Chairman,                                          RESPONDENT
Arkansas Post-Prison Transfer Board


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

FACTS.   In September of 2007, petitioner Joseph Carthron ("Carthron") commenced Carthron v. Arkansas Department of Community Correction, 4:07CV00879, by filing a complaint pursuant to 42 U.S.C. 1983.  In that proceeding, he sought monetary damages from several individual defendants for their alleged violation of his protection against double jeopardy, specifically, for altering what he believed to be the proper manner in which his court-ordered restitution is to be paid.  United States Magistrate Judge J. Thomas Ray made findings of fact in that proceeding, all of which were subsequently adopted by United States District Judge J. Leon Holmes.  Because the facts of 4:07CV00879 and the facts of the proceeding at bar are identical, the undersigned adopts the following facts from 4:07CV00879:

> On January 20, 2006, [Carthron] pleaded guilty to one count of theft of property in Pulaski County Circuit Court Case No. CR 2004-5151. ... On April 21, 2006, the trial court sentenced [Carthron] to 144 months in the Arkansas Department of Corrections ("ADC"), with 72 months of that sentence suspended.  ...  Additionally, [his] Judgment and Commitment Order reflects that he was ordered to pay $55,650.00 in restitution to "various victims – see probation/parole" with "regular payments until paid in full upon release from ADC through parole."  ...  The same day [Carthron] and the State executed a "Restitution Stipulation" in which [he] agreed that the restitution amount was $55,650.00.  ...  While the Restitution Stipulation provides that payments are to begin "as soon as possible," it contains a number of blank lines for the name or names of the persons who are to receive the restitution; the amount of the monthly restitution; or the date each month that restitution is payable.  [Footnote omitted].  ...

See Carthron v. Arkansas Department of Community Correction, 4:07CV00879, Document 38 at 3. In addition to the foregoing, the pleadings and exhibits in the proceeding at bar establish that on October 30, 2006, Carthron was released from the custody of the Arkansas Department of Correction ("ADC"). At that point, he began to be supervised by representatives of the Arkansas Post-Prison Transfer Board ("Board"), the Chairman of which is respondent Roy Brownlee ("Brownlee"). At some point after Carthron's release from the ADC, he was notified by a Board representative that Carthron was to begin making monthly payments of $927.50 for sixty months in order to satisfy the $55,650.00 in court-ordered restitution. He objected to making the payments. It was his position that the state trial court judge never ordered, and the Restitution Stipulation does not require, the restitution to be paid in such a manner.

THE PETITION AT BAR. In December of 2007, Carthron commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He maintained that the State of Arkansas ("State") was subjecting him to double jeopardy by altering the terms of his sentence, specifically, by altering what he believed to be the proper manner in which his court-ordered restitution is to be paid. He maintained that the state trial court judge never ordered, and the Restitution Stipulation does not require, the restitution to be paid in equal, monthly payments for sixty months. Instead, he maintained that he has six years within which to pay the restitution. He asked that the State be prevented from collecting monthly $927.50 payments from him.

Brownlee submitted a response to Carthron's petition. Brownlee first maintained that Carthron had failed to exhaust his state remedies because he is pursuing relief in the state courts of Arkansas. Brownlee alternatively maintained that Carthron's claim has no merit. Brownlee specifically maintained the following:

> [Carthron] stipulated as to the amount he had to pay as restitution - $55,650. There is no question that restitution can be a part of his sentence under the authority of Ark. Code Ann. 5-36-305 and 5-4-205. Furthermore, it is clear that there was no agreement, at time of sentencing, that the restitution could be paid at a specified time or in specified installments, and thus, under Ark. Code Ann. 5-4-205(e)(1), the full amount was due immediately. If the State could legally require payment of the entire $55,560 in a single payment, then revoke [Carthron's] parole for his failure to make such a payment, it certainly should be permitted to allow [him] the benefit of smaller payments over [an] extended period of time without having its actors being made defendants in [section] 1983 actions or violating the constitutional prohibition against double jeopardy.

See Document 8 at 4-5.

STATE JUDICIAL PROCEEDINGS. At roughly the same time Carthron was litigating 4:07CV00879 and the proceeding at bar in federal court, the State was commencing state judicial proceedings in an attempt to compel him to make equal, monthly payments for sixty months. It appears that hearings on the issue were held in Pulaski County, Arkansas, Circuit Court on November 30, 2007; on December 10, 2007; and again on February 1, 2008. During the last hearing, the record reflects that Pulaski County, Arkansas, Circuit Court Judge John Langston made the following findings as to Carthron's obligation to make equal, monthly payments for sixty months:

THE COURT: What else do we need to take upon in this hearing?

[THE STATE]: Nothing, Judge.  Other than just asking the Court to set that amount [i.e., the amount of monthly restitution] and give him a payment date.  That's what I want.  I mean, the agreement was [a] monthly amount.

THE COURT: I understand it was a monthly amount, and if he doesn't make a monthly amount based upon his earning ability, then you can come back with a petition to revoke his suspended sentence.  But no monthly amount was ordered.  The Court will only consider that to be a reasonable amount and that's to be based upon his income.

[THE STATE]: So if he pays one dollar a month?

THE COURT: If that is all he is earning, that's fine.  He understands how much he's got to pay before the end of it.

[THE STATE]: And how am I going to--

THE COURT: The problem, the problem here came, counsel, from your restitution agreement that did not set out a monthly amount.

[THE STATE]: I'm asking the Court to do that, Judge.  It was a plea to the Court.  And my opinion is the Court should have set that monthly amount at the time of sentencing.  It was not negotiated.

THE COURT: I understand.

[THE STATE]: Restitution was stipulated.

THE COURT: Monthly amounts are not necessarily setting the amount of restitution.  The Court set the amount of restitution at the time of the sentencing based upon the agreement of the parties.

[THE STATE]: Yes, sir.

THE COURT: The parties did not agree to any monthly amount so the Court did not order a monthly amount.

[THE STATE]: Well, I believe--

THE COURT: If you'd wanted a monthly amount, counsel could have agreed on it, or we could have had a hearing on it, but <u>we had an agreement that the total of $55,600.00 (sic) would be paid during that period and that he was to make monthly payments on it, but did not specify an amount</u>.

<u>See</u> Document 15, Exhibit A at 23-24.   [Emphasis added].

<u>SUPPLEMENTAL BRIEFS</u>.   The undersigned next invited the parties to submit supplemental briefs.  Carthron accepted the invitation by submitting a brief in which he maintained that in light of Judge Langston's findings, monthly payments of $927.50 for sixty months are not required.  Brownlee accepted the invitation by submitting a brief in which he maintained that the undersigned should defer to Judge Langston's findings pursuant to 28 U.S.C. 2254(d).  Brownlee maintained that nothing about Carthron's sentence has changed and, as a result, he is not being subjected to double jeopardy.

<u>ANALYSIS</u>.  The undersigned begins an analysis of Carthron's double jeopardy claim by raising the possibility that it is procedurally barred from federal court review.  It is unclear whether he actually raised the claim in state court.  The issue before Judge Langston was Carthron's obligation to make equal, monthly payments for sixty months, not whether he is being subjected to double jeopardy.  Because it is easier and more efficient to simply reach the merits of his claim than to address the procedural bar issue, the undersigned will do so.  <u>See</u> <u>McKinnon v. Lockhart</u>, 921 F.2d 830 (8th Cir. 1990).

-7-

28 U.S.C. 2254(e)(1) provides that "a determination of a factual issue made by a [s]tate court shall be presumed to be correct." The petitioner has the burden of rebutting that presumption by "clear and convincing evidence." See Id.[1]

As the undersigned has noted, Judge Langston made findings of fact during the February 1, 2008, hearing. His findings of fact are presumed correct unless Carthron can rebut the presumption by clear and convincing evidence. He has failed to do so. The undersigned therefore accepts Judge Langston's findings of fact as correct.

The record reflects that the State commenced state judicial proceeding in an attempt to compel Carthron to make equal, monthly payments for sixty months. Judge Langston found that on the basis of the Restitution Stipulation, Carthron is not obligated to make monthly payments in any pre-determined or set amount. Judge Langston instead found that Carthron is only required to make a reasonable monthly payment for sixty months until the restitution is paid, "reasonable" to be based on his income. The payments can be as small as one dollar a month, if that is all he can pay.

---

[1]

Brownlee would have the undersigned apply the provisions of 28 U.S.C. 2254(d), which provides that "an application for writ of habeas corpus shall not be granted with respect to a claim that was adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

It does not appear, however, that Carthron's double jeopardy claim was ever adjudication on the merits in state court. For that reason, the undersigned will not apply the provisions of 28 U.S.C. 2254(d).

Judge Langston's findings of fact conclusively establish that Carthron is not being compelled to make monthly $927.50 payments for sixty months.  He is instead to pay the court-ordered restitution in accordance with the terms of the Restitution Stipulation entered into between the State and Carthron, that being, he must only make monthly payments for sixty months until the restitution is paid.  The Restitution Stipulation has not changed, and it cannot be said that the terms of his sentence have been altered.  Because the terms of his sentence have not been altered, he is not being subjected to double jeopardy.  Thus, because he in large part prevailed in the state judicial proceeding, he cannot prevail in this proceeding.

CONCLUSION.  The terms of Carthron's sentence have not been altered, and he is not being subjected to double jeopardy.  The undersigned recommends that Carthron's petition for writ of habeas corpus be denied and dismissed.  Judgment should be entered for Brownlee.

DATED this ___15___ day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE